## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. KELLY HALE,<br>    Petitioner,<br><br>v.<br><br>DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DOCKET NUMBER<br>CB-1208-18-0002-U-2<br><br><br>DATE: November 17, 2017 |

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

Shayla Silver-Balbus, Esquire, Oakland, California, for the petitioner.

Marc Pasekoff, Esquire, Washington, D.C., for the relator.

Jason C. Green, Dallas, Texas, for the agency.

### BEFORE

Mark A. Robbins, Vice Chairman

### ORDER ON STAY EXTENSION REQUEST

¶1    Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests an extension of the previously granted stay of the agency's proposed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

removal of Dr. Hale.  For the reasons discussed below, OSC's request is GRANTED and the stay is extended through February 16, 2018.

## BACKGROUND

¶2      On October 4, 2017, OSC requested a 45-day initial stay of the proposed removal of Dr. Hale based on charges of misconduct.  *Special Counsel ex rel. Hale v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-18-0002-U-1, Stay Request File, Tab 1.  In its initial stay request, OSC argued that it had reasonable grounds to believe that the agency's proposed action was in retaliation for Dr. Hale's protected activity under 5 U.S.C. § 2302(b)(8) and (b)(9)(C).  *Id.*  On October 5, 2017, OSC's initial stay request was granted through and including November 18, 2017.  *Special Counsel ex rel. Hale v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-18-0002-U-1, Order on Stay Request, ¶¶ 1, 13 (Oct. 5, 2017).

¶3      On November 2, 2017, OSC filed a timely request to extend the stay for an additional 90 days.  *Special Counsel ex rel. Hale v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-18-0002-U-2, Stay Request File (U-2 SRF), Tab 1.  OSC asserted that the agency did not oppose the request.  *Id.* at 1, 2.  In fact, although afforded an opportunity to do so, the agency did not respond to OSC's request.

## ANALYSIS

¶4      A stay request pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter.  *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997).  The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice.  *Id.*  In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension if OSC's prohibited personnel practice claim is not clearly unreasonable.  *Id.* at 158.  The Board may extend the period of a stay for any

period that it considers appropriate.[2] 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 104 M.S.P.R. 141, ¶ 3 (2006).

¶5    In OSC's request for an extension, it asserts that, at this time, the evidentiary record is not sufficiently developed for OSC to complete its investigation. U-2 SRF, Tab 2 at 2. OSC asserts that, after the Board ordered the stay, OSC submitted a comprehensive document request to the agency, including a complex electronic discovery request. U-2 SRF, Tab 1 at 1. OSC also asserts that the agency has begun producing the requested documents but has indicated that it will not be able to complete OSC's document request before the stay expires on November 18, 2017. *Id*. Further, OSC asserts that the electronic discovery request in particular may take many weeks beyond the expiration of the stay to complete but that, based on the ongoing nature of the discovery process, it has timely reviewed the documents produced to date and has continued to interview witnesses. *Id*. at 1-2.

¶6    At this stage, and in light of the fact that the evidentiary record supporting OSC's initial stay request does not appear to have materially changed since the Board granted the initial stay, it is appropriate to extend the stay through February 16, 2018. *See Special Counsel ex rel. Waddell v. Department of Justice*, 103 M.S.P.R. 372, ¶ 5 (2006).

## ORDER

¶7    Accordingly, a 90-day extension of the stay of Dr. Hale's proposed removal is GRANTED. The stay issued on October 5, 2017, is extended through and including February 16, 2018, on the terms and conditions set forth in that Order. It is further ORDERED that:

   (1)    Dr. Hale shall remain in his position;

---

[2] Recently enacted legislation allows an individual Board member to extend a stay under 5 U.S.C. § 1214(b)(1)(B) when the Board lacks a quorum. *See* Pub. L. No. 115-42, 131 Stat. 883 (June 27, 2017).

(2)    The agency shall not effect any changes in Dr. Hale's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub. L. No. 115-42,[3] and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before February 1, 2018; and

(5)    Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before February 8, 2018.

FOR THE BOARD:             _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.

---

[3] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.